## Case No. 768.

### BAKER v. GALLAGHER.

[1 Wash. C. C. 461.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

NEGOTIABLE INSTRUMENTS—DEMAND, NOTICE, AND PROTEST — NO FUNDS IN HANDS OF DRAWEE — SPECIAL DEMURRER—SUIT BEFORE DUE.

1. When the drawer of a bill of exchange has no funds in the hands of the drawee, neither protest nor notice of non-acceptance or non-payment to the drawer, is necessary to enable the payee to recover.

[See Volk v. Simmons, Case No. 16,815; Cox v. Simms, Id. 3,306; Fenwick v. Sears, 1 Cranch, (5 U. S.) 259. For distinguishable case, see Mackall v. Gossler, Case No. 8,835.]

2. The payee must either state that the bill was protested, or show that it was not incumbent on him to protest it, because the drawer had no funds in his hands to pay the bill; but this omission can only be taken advantage of by special demurrer.

3. Where the drawer had no funds in the hands of the drawee, an action may be brought by the holder, upon the bill, before the time it would be payable, if it had been accepted. It may be brought immediately on non-acceptance.

At law. This action was instituted, [by Baker against Gallagher] to recover the amount of a bill of exchange for £224 sterling, drawn by the defendant on a merchant in Liverpool, in favour of the plaintiff, with interest from the date of it. The drawer having no funds in the hands of the drawee, ac-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

ceptance of the bill was refused; and, to avoid the legal consequence of a protest, to fix upon the drawer payment of damages, which, by an agreement between drawer and payee, were not to be demanded, the bill was returned without being protested, this agreement having been communicated by the defendant to the drawee. This action was brought before the time for payment by the drawee would have arrived, had he accepted the bill.

Ewing, for the plaintiff, stated, first, that where the drawer has no funds in the hands of the drawee, neither protest, nor notice to the drawer, is necessary to enable the payee to recover. 1 Term R. 714, 410; 2 Term R. 717; 5 Term R. 239. Plaintiff must either state that the bill was protested, or show that it was not incumbent on him to protest; as, that the drawer had no effects in the hands of the drawee; but, the omission can only be taken advantage of by special demurrer. 1 Salk. 131; 1 Show. 125; 2 Doug. 684, note 144. Not even necessary to present it for acceptance. Chit. Bills, 68; 2 H. Bl. 336, and post. 2d. That the action was not brought prematurely. It may be commenced immediately on non-acceptance. 3 Burrows, 1687. 1 Doug. 55; 3 East, 481; Chit. Bills, 64, 100.

These points were admitted by Mr. Dallas for the defendant, who stated the case to be, that the defendant was indebted to one Niblie, of New Orleans, who again was indebted to the plaintiff: that, by the correspondence between Niblie and the plaintiff, it appeared, that the defendant was to pay to the plaintiff, what he owed to Niblie. In August, 1804, Niblie drew an order on the defendant for 500 dollars, in favour of one Vertner, at sixty days, which was accepted. This bill was drawn in December, afterwards. He contended, that the plaintiff was to be considered as the agent of Niblie; and, as the bill was drawn for the whole sum, which had been due from defendant to Niblie, without crediting the above 500 dollars, the defendant was entitled to a credit for that sum, the suit being between the original parties to the bill. [Verdict and judgment for plaintiff.]

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice, charged the jury. The argument, founded on the idea of the plaintiff being the agent of Niblie, is ingenious, and would be sound, if the case would bear it out. If the plaintiff had not been the creditor of Niblie, we might have considered him as his agent. But, as the case is, it is nothing more than a promise by the defendant, to pay to the plaintiff, a creditor of Niblie, a debt due to him by Niblie, and the bill is evidence of this promise. It is of no consequence, if the defendant, instead of having paid a part, had previously discharged the whole of his debt to Niblie;

he is still bound to fulfil his engagement to the plaintiff. Verdict for plaintiff, for his whole demand.